IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

REJECTS SKATE MAGAZINE, INC., )
WESLEY M. DRIVER, RADIUS )
MEDIA LLC, and SHAWN ENGLER, )
)
      Plaintiffs, )
)
)
vs. )    CASE NO. 3:05-0381
)    JUDGE TRAUGER/KNOWLES
)
)
ACUTRACK, INC., )
)
      Defendant. )

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon the Motion of Defendant Acutrack "To Dismiss Plaintiffs' Complaint, Strike Certain Claims, and Transfer Venue." Docket No. 9. Defendant has filed a supporting Memorandum of Law. Docket No. 11.

Judge Trauger has referred the Motion to the undersigned. Docket No. 52. While Judge Trauger had previously determined that the Motion to Dismiss should be treated as a Motion for Summary Judgment, she has subsequently requested that the undersigned "rule on the Motion to Dismiss as a motion to dismiss, not treat it as a Motion for Summary Judgment." Docket No. 53.

Plaintiffs have filed a Response to the Motion (Docket No. 46)[1], and the Affidavits of Plaintiff Shawn Engler (Docket No. 46-2) and Wesley Driver (Docket No. 46-4). Defendant has

---

[1] It appears that Plaintiffs' Response was actually filed twice, both as Docket No. 46 and Docket No. 49.

filed a Reply to Plaintiffs' Response. Docket No. 50. Some background will be helpful to an understanding of the issues raised in the instant Motion.

According to Defendant, this is essentially a breach of contract action. On or about January 8, 2003, Plaintiff Rejects Skate Magazine, Inc. ("Rejects") entered into a contract with Defendant Acutrack, via the Internet, by submitting an Order Detail form to Acutrack. The Order Detail was for replication of 2,700 DVD's in paper sleeves to be shipped to Rejects in Tennessee.

In order to fill Rejects' Order, Acutrack subcontracted the reproduction of the DVD's to Media Factory, Inc., a corporation located in Fremont, California. Media Factory produced 2,700 DVD's and shipped those DVD's to Defendant Acutrack. Acutrack avers that it conducted a "random sample" review of those DVD's and confirmed that the Rejects Skate video was on the DVD's. Acutrack then printed each DVD with a Rejects label, packaged the DVD's, and shipped them to Rejects.

Rejects included a copy of the DVD reproduced by Acutrack in a number of its magazines. Unfortunately, according to Plaintiffs' Complaint, a substantial number of the DVD's Acutrack provided pursuant to the sales order contained "gay pornography, including a hard core gay pornographic movie named 'Hard Hat Pigs.'" The magazine, along with the DVD's were distributed to retail outlets across the country, and were purchased by minors, who "were horrified to immediately see hard core gay pornography."

Plaintiffs aver that they suffered substantial damages as a result of the situation discussed above.

Plaintiffs initially filed suit against Acutrack in the Circuit Court for Jefferson County,

2

Alabama, on April 7, 2004. In a previous Memorandum and Order, Judge Trauger discussed some of the proceedings in that lawsuit as follows:

> On August 10, 2004, [the Alabama] court granted the defendant's motion to dismiss "under the doctrine of *forum non-conveniens*," finding that Alabama was only "tangentially related to the main thrust of Plaintiffs' complaint" and that "[a]lternative forums exist for this claim in either California or Tennessee." . . . Pursuant to Ala. Code § 6-5-430 (1975), the court conditioned the dismissal, in part, upon the defendants filing with the court "a consent . . . to submit to jurisdiction in the state of Tennessee . . . ."
>
> . . .
>
> On February 18, 2005, the defendant filed the Consent, which states, in part, that it consents "to submit to jurisdiction in the State of Tennessee in the event the plaintiffs commence an action on the same cause of action in Davidson County, Tennessee, within sixty days of the dismissal." . . . In fact, the Alabama case was not "transferred" to a Tennessee court, but the Alabama case was dismissed, and the plaintiffs re-filed this action against the same defendant in the Circuit Court for Nashville and Davidson County, Tennessee, on April 18, 2005.

Docket No. 44, p. 1-2 (citations to the record omitted.)

As discussed in Judge Trauger's Memorandum and Order, following the dismissal of the Alabama action, Plaintiffs filed an action in the Davidson County Circuit Court. Defendant removed that action to this court. Plaintiffs filed a Motion to Remand, and Judge Trauger denied that Motion, rejecting Plaintiffs' argument that the consent filed by Defendant in the Alabama Court was an agreement to litigate the claims raised by the Plaintiffs in a Tennessee state court, as opposed to a Tennessee federal court. Docket No. 44.

Moreover, the undersigned believes that it is important to understand exactly what is and what is not at issue in the instant Motion. For that reason, the Court will quote the relevant provisions of the Motion:

3

> COMES NOW Defendant Acutrack, Inc., ("Acutrack") and moves this Court to:
>
> 1. Dismiss or transfer this action to the United States District Court for the Northern District of California pursuant to the contractual forum selection clause that exists between the parties;
>
> 2. Dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19, for failure to join an indispensable party;
>
> 3. Transfer this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a);
>
> 4. Strike certain allegations and counts for failure to state a claim for fraud, negligent and/or intentional infliction of emotional distress, or mental anguish; and
>
> 5. Strike all claims for mental anguish and damage to reputation and/or lost profits/income pursuant to the contractual limitation of remedies provision.

Docket No. 9, p. 1.

As Judge Trauger noted, Defendant has not filed a Motion to Dismiss based upon failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 53. Instead, Defendant's Motion to Dismiss is based primarily upon Fed. R. Civ. P. (b)(7) and Fed. R. Civ. P. 19.[2] If Defendant had filed a Rule 12(b)(6) Motion, the Court would be required to take all factual allegations in the Complaint as true and to construe any ambiguous allegations in Plaintiffs' favor. *See In re Sofamor Danek Group, Inc.,* 123 F.3d 394, 400 (6th Cir. 1997). Because Defendant has not filed a Rule 12(b)(6) Motion, the Court is not required to take

---

[2] Defendant also seeks a dismissal based upon the forum selection clause. As will be discussed in greater detail below, Defendant provides no support for the proposition that, even if there is a forum selection clause in the contract , dismissal is an appropriate remedy under that clause.

4

the allegations of the Complaint as true. The Court must simply determine whether Defendant has made a sufficient showing to justify granting any of the relief it seeks. Thus, the Court will address the specific points of Defendant's Motion in order below.

## II. Analysis

### A. Defendant's Arguments Based on the Forum Selection Clause

Plaintiffs make two arguments concerning the contractual forum selection clause. Plaintiffs first argue that they did not agree to such a clause. Second, Plaintiffs argue that Acutrack previously litigated "this issue" in the Alabama court and, therefore, it is precluded from re-litigating this issue before this Court, under the doctrine of "collateral estoppel."

With regard to the first argument, Defendant has submitted the Affidavit of its President, Rajesh Barman, which essentially states that Rejects submitted an "Order Detail" form to Acutrack on or about January 8, 2003, for the replication of 2,700 DVD's. Mr. Barman states that the Order Detail was submitted by the Internet, and essentially states that, in order to submit the Order Detail by the Internet, the user must have clicked on a "submit" button which is located directly below the bold-face statement: "I have read and agreed to Acutrack's terms and conditions." According to Mr. Barman, one of those terms and conditions provides in pertinent part, "Any dispute or legal proceeding regarding this Agreement shall take place in the County of Alameda, State of California."

In direct contradiction to the Affidavit of Mr. Barman, Plaintiff Engler and Plaintiff Driver have submitted Affidavits stating that the Agreement between Rejects and Acutrack for the replication of the DVD's was not reached over the Internet. Mr. Engler, apparently acting on behalf of Rejects, states that he obtained a quote through Acutrack's website, but that he then

5

placed a call to Acutrack to attempt to negotiate a lower price. He states that he reached an agreement over the phone with Acutrack for the replication of the DVD's at a price lower than that quoted over the Internet. He was faxed an Order form, which he signed and faxed back to Acutrack. He states, "This form did not contain any terms and conditions. Additionally, I was not told of any terms and conditions over the telephone." Docket No. 46-2, ¶ 9. Additionally he states, "I did not reach an agreement over the Internet to have any DVD's replicated by Acutrack. I did not agree to any terms and conditions." *Id*., ¶ 10.

As discussed above, Defendant has filed a Reply to Plaintiffs' Response. Docket No. 50. In that Reply, Defendant completely ignores the Affidavits of Plaintiffs Engler and Driver. Instead, Defendant argues in part, "Rejects, the only party with standing in this case for the reasons discussed herein, failed to offer evidence that it rejected the 'terms and conditions' which contain a forum selection clause." *Id*., p. 2. Defendant apparently argues that the Court should simply ignore the Affidavit of Plaintiff Engler, because he has no "standing," and that the Court should focus solely on the Affidavit of Plaintiff Driver and "evidence offered by Plaintiffs by Rejects." *Id*., p. 3-4. Defendant's argument, however, is unconvincing.

Because Defendant has filed a Motion to transfer this case to California pursuant to the forum selection clause, Defendant bears the burden of showing that there is, in fact, a forum selection clause in the parties' agreement. Given the Affidavits of Plaintiffs Driver and Engler, Defendant has not done so. For this reason alone, Plaintiffs' Motion to Transfer or Dismiss this case based on the forum selection clause should be DENIED.

Furthermore, because Defendant has offered no authority whatsoever for the proposition that this action should be dismissed based on the forum selection clause, that Motion should also

6

be DENIED.

The Court also notes that, even if Defendant had appropriately shown the existence of a forum selection clause in the parties' agreement, the Court would be reluctant to enforce that clause in view of Defendant's consent to jurisdiction in Tennessee. As discussed above, when Plaintiffs initially filed this action in Alabama, Defendant apparently attempted to have that case dismissed, based in part upon the forum selection clause. The Alabama Court agreed to dismiss that action, on the condition that Defendant consent to being sued in the state of Tennessee. While this situation may or may not give rise to "collateral estoppel," as Plaintiffs argue, the Court would be extremely reluctant to transfer this case to California following Defendant's consent to be sued in Tennessee.[3]

### B. Defendant's Arguments Concerning Failure to Join An Indispensable Party

Defendant next argues that this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) and 19, for failure to join an indispensable party. Defendant argues that the company with which it contracted to replicate the DVD's at issue, Media Factory, is an indispensable party.

Defendant's argument on this point is not well-taken. In their Response, Plaintiffs argue that they do not have any evidentiary support that Media Factory was at fault, and that their investigation so far has revealed that Acutrack is solely responsible for the claims Plaintiffs have made in this lawsuit. Plaintiffs further point out that they have "never dealt with Media Factory,

---

[3] As the Sixth Circuit has stated, "We review a district court's refusal to transfer [pursuant to a forum selection clause] for a clear abuse of discretion." *Parker Hannifin Corp. v. Dayco Products LLC,* 2005 U.S. App. LEXIS 9779 at \*\*6, *citing Phelps v. McClellan,* 30 F.3d 658, 663 (6th Cir. 1994). Thus, this Court has discretion to determine whether the Motion to Transfer should be granted, and, in the opinion of the undersigned, it should not.

7

only Acutrack."

It is extremely unclear to the Court exactly what cause of action Plaintiffs might raise against Media Factory. There is no contract between any of Plaintiffs and Media Factory, insofar as the record reflects. There is, however, a contract between Acutrack and Media Factory.

If Defendant believes that Media Factory is an indispensable party, Defendant can certainly join Media Factory as a third-party defendant under Fed. R. Civ. P. 14(a). Defendant apparently decided not to sue Media Factory, but instead decided to argue that Plaintiff should be required to sue Media Factory because it is an indispensable party. While Defendant certainly does not have to sue Media Factory if it does not wish to, Defendant's attempt to have this action dismissed for Plaintiffs' failure to sue Media Factory is completely transparent.

For the foregoing reasons, Defendant's Motion to Dismiss for failure to join an indispensable party pursuant to Fed. R. Civ. P. 12(b)(7) and 19, should be DENIED.

### C. Defendant's Arguments Under 28 U.S.C. § 1404(a)

Defendant next argues that the Court should transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a), which states as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought.

As is the case with forum selection clauses, the Sixth Circuit will review a district court's decision concerning transfer under § 1404(a) for a clear abuse of discretion. *Phelps v. McClellan,* 30 F.3d 658, 663 (6th Cir. 1994).

Plaintiffs do not contest that this action "could have been brought" in the Northern

District of California. Plaintiffs argue, however, that the Court should exercise its discretion not to transfer this case to California, because Defendant consented to jurisdiction in Tennessee.

Defendant, as the party seeking transfer, bears the burden of establishing that the case should be transferred. *See* **Moore's Federal Practice 3d** § 111.12[3], p. 111-62.

As the Sixth Circuit has stated:

> [I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of "interests of justice."

*Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137, *citing Stewart Organization, Inc.v. Ricoh Corp.,* 47 U.S. 22, 30 (1988).

Additionally, the Sixth Circuit has stated that a district court weighing transfer under § 1404(a) should consider "other case-specific factors," as follows:

> The relative ease of access to sources of proof; the availability processed to compel attendance of unwilling witnesses; the cost of obtaining willing witnesses; [and] the practical problems associated with trying the case most expeditiously and inexpensively. In short, the Court may consider any factor that may make an eventual trial easy, expeditious, and inexpensive.

*Cherokee Export Co. v. Chrysler International Corp.,* 1998 U.S. App. LEXIS 1683 at *7.

Moreover, "A Plaintiff's choice of forum, while not controlling, should be given the foremost consideration." *West American Ins. Co. v. Potts,* 1990 U.S. App. LEXIS 12513 (6th Cir.).

The *Potts* Court also stated as follows:

> In determining whether to grant [a motion under § 1404(a)], the district court properly considered a variety of factors, including the convenience of the witnesses, where the operative facts occurred, the location of the documentary evidence, and the possibility of

9

prejudice in either the forum or the transfer state.

1990 U.S. App. LEXIS 12513 at *6.

Defendant summarizes its grounds for the Motion to Transfer under § 1404(a) as follows:

> (1) Most of the party and non-party witnesses live in Alameda County, California;
>
> (2) The majority of the operative facts occurred in Alameda County, California;
>
> (3) The majority of relevant documents are located in Alameda County, California;
>
> (4) The Court will likely apply California law; and
>
> (5) The interests of justice and the controlling law support transfer to Alameda County, California.

Docket No. 11, p. 10.

While Plaintiffs assert that most of the party and non-party witnesses live in Alameda County, California, Plaintiffs never specifically identify those witnesses. As discussed above, at the time this action was filed, Plaintiff Engler was a Tennessee resident and Plaintiff Rejects was incorporated in Tennessee.[4]

Similarly, Defendant states, "the majority of the operative facts occurred in Alameda County, California." Once again, Defendant offers no support for this proposition. Defendant's position is that someone, acting on behalf of Rejects, submitted an Order via the Internet. Defendant, however, does not claim that whoever submitted the Order was in California. The Affidavit of Shawn Engler states that he was "physically located in Birmingham, Alabama, when

---

[4] Defendant argues that "Rejects is no longer in business," but Plaintiffs argue that Defendant's conduct is the reason that Rejects is no longer in business.

10

[Defendant's representative] and I negotiated the terms of the replication contract and when [Defendant's representative] made representations to me." Docket No. 46-5, p. 1.

Plaintiffs next state that the majority of relevant documents are located in Alameda County, California. Presumably, the main document that is relevant is the contract between the parties. While Defendant argues that "the majority of the documentary evidence documents [*sic*] related to the replicating, packaging and shipping of the DVD's are located in California," it is not clear that those documents are relevant to Plaintiffs' lawsuit against Defendant, as opposed to Defendant's potential lawsuit against Media Factory.

Defendant next argues that the Court will likely apply California law. Defendant does not explain why it thinks the Court will apply California law. Presumably, Defendant relies upon the provision of the "Terms and Conditions" that provides, "This agreement shall be governed and construed in accordance with the laws of the state of California . . . ." As discussed above, however, there is a substantial dispute as to whether the standard "Terms and Conditions" are applicable in this case.

For the reasons discussed above, the undersigned concludes that Defendant has not met its burden to show that this case should be transferred under § 1404(a).

### D. Defendant's Motion to Strike

Finally, Defendant seeks to strike certain allegations and counts of the Complaint on two grounds: (1) "failure to state a claim," and (2) the contractual limitation of remedies provision.

Motions to Strike are governed by Fed. R. Civ. P. 12(f), which states as follows:

> **(f) Motion to Strike.** Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by the rules, upon motion made by a party within twenty (20) days after the service of the pleading upon the party or upon the court's

11

> own initiative at any time, *the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.*

(Emphasis added.) For whatever reason, Defendant never cites Rule § 12(f).

It can readily be seen that an allegation that merely fails to state a claim is not subject to being stricken under Rule 12(f). Defendant has made no argument whatsoever, based upon the plain language of Rule 12(f), that any of the matter it seeks to have stricken is "redundant, immaterial, impertinent, or scandalous." Defendant certainly could have filed a Motion to Dismiss based upon failure to state a claim upon which relief could be granted, pursuant to Fed. R. Civ. P. 12(b)(6), but Defendant did not do so.[5] Defendant cannot "backdoor" a Motion to Dismiss for failure to state a claim in the guise of a Motion to Strike.

A trial court has discretion to grant or deny a Motion to Strike, and "decisions that are reasonable, that is, not arbitrary, will not be overturned." *Seay v. Tennessee Valley Authority,* 339 F.3d 454, 480 (6th Cir. 2003) (citations omitted).

Therefore, Defendant's Motion to Strike should be DENIED.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that Defendant's "Motion To Dismiss Plaintiffs' Complaint, Strike Certain Claims, and Transfer Venue" be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this

---

[5] As discussed above, if Defendant had filed a Motion for failure to state a claim upon which relief could be granted, pursuant to Fed. R. Civ. P. 12(b)(6), the Court would be required to take the factual allegations of the Complaint as true. It is apparent from Defendant's arguments, however, that Defendant wishes to contest at least some of the factual allegations of the Complaint. It appears that Defendant wishes to have its cake and eat it to.

12

Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. Clifton Knowles
United States Magistrate Judge