IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REJECTS SKATE MAGAZINE, INC., ) <br> WESLEY M. DRIVER, RADIUS MEDIA, LLC, ) <br> and SHAWN ENGLER, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ACUTRACK, INC., ) <br> ) <br>     Defendant. ) | Civil No. 3:05-0381 <br> Judge Trauger |

## MEMORANDUM

Pending before the court are the Objections filed by the defendant (Docket No. 55) to the Magistrate Judge's Report and Recommendation (Docket No. 54), to which the plaintiffs have responded (Docket No. 57). The Report and Recommendation ("R & R") recommended the denial in its entirety of the defendant's Motion to Dismiss Plaintiffs' Complaint, Strike Certain Claims, and Transfer Venue (Docket No. 11).

## Standard of Review

Because this is a dispositive motion, the court must make a *de novo* determination of any portion of the recommended disposition to which an objection has been made. This court may accept, reject or modify the decision, as well as receive further evidence or recommit the matter to the Magistrate Judge with instructions. Rule 72(b), FED. R. CIV. P.; 28 U.S.C. § 636(b)(1)(C).

## Motion to Transfer Venue

1

The defendant argues that this case should be transferred to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a), which states as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

As found by the Magistrate Judge, the plaintiffs do not contest that this action might have been brought in the Northern District of California (Docket No. 54 at 8), but they argue that the defendant's earlier consent to the jurisdiction of the Tennessee courts judicially estops the defendant from moving for a transfer of venue at this point. The plaintiffs are in error in that assertion.

Jurisdiction and venue are not the same thing. In the earlier, identical Alabama state court case, which is much discussed in the papers filed in this case, in order to secure the dismissal of the case filed by these plaintiffs against this defendant on the grounds of *forum non conveniens*, the defendant consented to the *jurisdiction* of courts in Davidson County, Tennessee over any similar re-filed case. (Docket No. 57-2) Nothing in that consent document forecloses a motion for change of venue from Tennessee to California under 28 U.S.C. § 1404(a). Indeed, in the lengthy Order issued by the Alabama state court and furnished to this court by the plaintiffs in response to the defendant's objections, that court seemed actually to find, based on the record, more connection to the state of California than to the state of Tennessee for this controversy. (Docket No. 57-3)[1]

---

[1] The Alabama court's rationale for choosing Tennessee and requiring the defendant to consent to the jurisdiction of the courts of Tennessee, as opposed to the courts of California, is expressed in that Order:

The defendant bears the burden of showing that the forum should be changed. *Blane v. American Inventors Corp.*, 934 F.Supp. 903, 907 (M.D. Tenn. 1996). "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947)). Among the factors the court may consider in deciding whether to transfer a case under Section 1404(a) are: the location of willing and unwilling witnesses, the convenience of parties and witnesses, the location of sources of proof, the location of events that gave rise to the dispute, systemic integrity and fairness, and the plaintiffs' choice of forum. *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002); *Blane*, 934 F.Supp. at 907 (internal quotations omitted).

As to the parties, plaintiff Rejects Skate Magazine, although originally a Tennessee corporation, is now defunct. (Docket No. 46 at 11) Plaintiff Westley M. Driver is a resident of the state of Florida, now living and working in New York. (Docket Nos. 46 at 12, 46-4) Plaintiff Shawn Engler is an Alabama resident who was, in September of 2005, (and perhaps still is) working in California. (Docket No. 46-2) Engler is one of the owners of plaintiff Radius Media, LLC, which is an Alabama corporation. Defendant Acutrack, Inc. is a California corporation located in Livermore, Alameda County, California, in the Northern District of

---

> Given the nature of Plaintiffs' allegations that its business, located in the Southeastern United States, was seriously and adversely affected by Defendant's alleged breach of contract, or negligent performance thereof, as well as the other allegations whereby pornographic material is, at the least, allegedly erroneously delivered to Plaintiffs for distribution to an [sic] adolescent or young adult users, a California court may have a different appreciation of the nature of the damages suffered by Plaintiffs.

(Docket No. 57-3 at 15-16)

3

California. (Docket No. 10, ¶2) The potential third-party defendant, Media Factory, Inc., is located in Fremont, Alameda County, California, in the Northern District of California. (Docket No. 10, ¶3.h.) In sum, no party is located in the state of Tennessee at present.

The events that gave rise to this lawsuit all transpired in the Northern District of California. The plaintiffs submitted to defendant Acutrack a DVD, from which the defendant was to reproduce 2,700 copies that the plaintiffs would then insert in their magazine for distribution to customers. Acutrack subcontracted the duplication of the DVD to Media Factory, Inc., also located in the Northern District of California. At some point in the process, gay pornography was reproduced on many of the DVDs that were shipped back to the plaintiffs for insertion in their magazines. The plaintiffs have sued only Acutrack, but Acutrack alleges that Media Factory is responsible for the production of the offending DVDs. Be that as it may, the negligent or intentional acts giving rise to the production of the offending DVDs (and thus the alleged harm to the plaintiffs and the alleged breach of their contract with Acutrack) took place in the Northern District of California, within the responsibility of defendant Acutrack and/or within the responsibility of its subcontractor, Media Factory, Inc., both of which are located in the Northern District of California. It seems clear that all of the willing, unwilling and relevant witnesses to the events giving rise to this lawsuit are located in the Northern District of California. All documentation of the material received from the plaintiffs by Acutrack, transmitted by Acutrack to Media Factory, received back by Acutrack from Media Factory and transmitted by Acutrack to the plaintiffs will be located in the Northern District of California. Any acts of misrepresentation or fraud on the part of Acutrack would have taken place in California.

4

Case 3:05-cv-00381    Document 58    Filed 03/29/06    Page 4 of 5 PageID #: 315

It seems that the only factor possibly weighing in favor of venue lying in Tennessee is the plaintiffs' choice of forum. However, the plaintiffs' original choice of forum was an Alabama state court. It was actually the Alabama state court that chose Tennessee over California as the alternative forum for this controversy, apparently based upon that court's view of cultural differences between Tennessee and California that might lead to an underappreciation of the plaintiffs' potential damages by a west coast, as opposed to a southeastern United States, court and/or jury. Therefore, even this factor does not fully weigh in favor of the plaintiffs.

Systemic integrity and fairness dictate that this controversy be tried in California, where the overwhelming documentary and witness proof is located. Certainly Tennessee, at this point, has little, if any, connection to this case that makes it a more convenient forum for parties and witnesses or that makes it the forum dictated by the interests of justice.

The defendant's Motion to Transfer this case to the United States District Court for the Northern District of California will be granted. Because this ruling is dispositive, the court need not rule on the defendant's remaining objections to the Report and Recommendation.

It is so **ORDERED.**

Enter this 29th day of March 2006.

_____
ALETA A. TRAUGER
U.S. District Judge

5